**Dennis R. HOPKINS, Plaintiff—
Appellant,**

v.

**INDETERMINATE SENTENCE
REVIEW BOARD; et al.,
Defendants—Appellees.**

No. 04–35922.
D.C. No. CV–03–5682–RBL.

United States Court of Appeals,
Ninth Circuit.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted Nov. 8, 2005.*

Decided Nov. 15, 2005.

Dennis R. Hopkins, Tacoma, WA, pro se.

Douglas Wayne Carr, AGWA—Office of the Washington Attorney General, Olympia, WA, for Defendants–Appellees.

Before WALLACE, LEAVY, and BERZON, Circuit Judges.

## MEMORANDUM**

Dennis Hopkins, a former Washington state prisoner, appeals pro se the district court's summary judgment in his action under 42 U.S.C. §§ 1983 and 1985(3) against the Washington State Indeterminate Sentence Review Board and its members, claiming that they violated and conspired to violate his Eighth and Fourteenth Amendment rights by using and refusing to correct false information in a decision to deny parole on December 17, 2002. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hopkins contends that the district court erred in concluding that Eleventh Amendment sovereign immunity barred his damages claims against the Board, a state agency, because he seeks correction of constitutional violations. This exception to state immunity applies only to claims against state officials for prospective in-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

junctive relief, and so the district court's grant of summary judgment in favor of the Board was not erroneous. *See Natural Res. Def. Council v. California Dep't of Transp.*, 96 F.3d 420, 421–22 (9th Cir. 1996).

Hopkins contends that the district court erred in concluding that he could not seek certain relief because he had been released from prison and thus lacked standing. The district court correctly ruled that his claims for injunctive relief were foreclosed.

■ Finally, Hopkins contends that the district court erred in concluding that the Board members were protected by quasi-judicial immunity because their acts were not judicial. We have held that parole board officials' decisions to grant, deny, or revoke parole are entitled to immunity, and we therefore affirm the district court's judgment. *See Swift v. California*, 384 F.3d 1184, 1189 (9th Cir.2004).

**AFFIRMED.**